**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

FILED
RICHARD W. NAGEL
CLERK OF COURT
SEP 23 2026 2:39 P
U.S. DISTRICT COURT
SOUTHERN DISTRICT
OF OHIO-COLUMBUS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.** 2:26-CR-145 |
| | **JUDGE** Judge Watson |
| **v.** | **<u>INDICTMENT</u>** |
| **TYLER NIKE THOMAS** | **18 U.S.C. §§ 1201(a)(1) and (g)**<br>**18 U.S.C. § 1512(c)(1)**<br>**18 U.S.C. § 2245**<br>**18 U.S.C. §§ 2251(a) and (e)**<br>**18 U.S.C. §§ 2252(a)(4)(B) and (b)(2)**<br>**18 U.S.C. § 2422(b)**<br>**18 U.S.C. §§ 2423(a) and (b)** |
| | **FORFEITURE ALLEGATIONS** |

**THE GRAND JURY CHARGES:**

**<u>COUNT ONE</u>**
**(Enticement of a Minor - Attempt)**

1. Beginning no later than May of 2024, and continuing through in or about October of 2024, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio and elsewhere, the defendant, **TYLER NIKE THOMAS**, using any means or facility of interstate and foreign commerce, including the internet, cellular phones, and other digital devices, did knowingly attempt to persuade, induce, and entice Minor Victim One, an individual the defendant knew and believed to then be an approximately 15-year-old female, to engage in any sexual activity for which any person can be charged with a criminal offense, including a violation of Indiana Code § 35-42-4-9 (Sexual Misconduct with a Minor).

**In violation of 18 U.S.C. § 2422(b).**

**COUNT TWO**
**(Travel with Intent to Engage in Illicit Sexual Conduct with a Minor)**

2. Between on or about January 5 and January 6, 2026, in the Southern District of Ohio and elsewhere, the defendant, **TYLER NIKE THOMAS**, did travel in interstate commerce with intent to engage in any illicit sexual conduct with Minor Victim One, as defined in 18 U.S.C. § 2423(g), including the production of child pornography.

**In violation of 18 U.S.C. § 2423(b).**

**COUNT THREE**
**(Offense Resulting in Death)**

3. Between on or about January 6 and January 7, 2026, in the Southern District of Ohio, the defendant, **TYLER NIKE THOMAS**, murdered Minor Victim One in the course of an offense under 18 U.S.C. § 2423, that is Count Two, Travel with Intent to Engage in Illicit Sexual Conduct with a Minor.

**In violation of 18 U.S.C. § 2245.**

**COUNT FOUR**
**(Transportation of a Minor with Intent to Engage in Criminal Sexual Activity)**

4. On or about January 6, 2026, in the Southern District of Ohio and elsewhere, the defendant, **TYLER NIKE THOMAS**, did knowingly transport Minor Victim One, who had not attained the age of 18 years, in interstate commerce, with intent to engage in any sexual activity for which any person can be charged with a criminal offense, including sexual exploitation of a minor pursuant to 18 U.S.C. § 2251.

**In violation of 18 U.S.C. § 2423(a).**

**COUNT FIVE**
**(Offense Resulting in Death)**

5. Between on or about January 6 and January 7, 2026, in the Southern District of Ohio, the defendant, **TYLER NIKE THOMAS**, murdered Minor Victim One in the course of an offense under 18 U.S.C. § 2423, that is Count Four, Transportation of a Minor with Intent to Engage in Criminal Sexual Activity.

**In violation of 18 U.S.C. § 2245.**

**COUNT SIX**
**(Kidnapping Resulting in Death)**

6. Between on or about January 6 and January 7, 2026, in the Southern District of Ohio and elsewhere, the defendant, **TYLER NIKE THOMAS**, did unlawfully seize, confine, inveigle, decoy, kidnap, and carry away Minor Victim One, a then-living person who had not attained the age of 18 years, and did hold Minor Victim One for ransom, reward, or otherwise, and in committing and in furtherance of the commission of the offense, did willfully transport Minor Victim One in interstate commerce and did travel himself in interstate commerce, when **TYLER NIKE THOMAS** was more than 18 years of age and was not Minor Victim One's parent, grandparent, brother, sister, aunt, uncle, or an individual having legal custody of Minor Victim One, and the commission of the offense resulted in Minor Victim One's death.

**In violation of 18 U.S.C. §§ 1201(a)(1) and (g).**

**COUNT SEVEN**
**(Sexual Exploitation of a Minor)**

7. Between on or about January 6 and January 7, 2026, in the Southern District of Ohio, the defendant, **TYLER NIKE THOMAS**, did employ, use, persuade, induce, and entice a minor to engage in, and did transport a minor in interstate commerce with intent that she engage

in, sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing and attempting to produce any visual depiction of such conduct, to wit: one or more digital video files depicting Minor Victim One, a then-17-year-old female, engaged in sexually explicit conduct, including actual and simulated sexual intercourse, the production of such visual depictions using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including a cellular phone that was manufactured in whole or in part outside the state of Ohio.

**In violation of 18 U.S.C. §§ 2251(a) and (e).**

## COUNT EIGHT
**(Obstruction of Justice)**

8. On or about January 7, 2026, in the Southern District of Ohio, the defendant, **TYLER NIKE THOMAS**, did corruptly alter, destroy, mutilate, and conceal Minor Victim One's body, by decapitating, dismembering, burying, and discarding Minor Victim One's body and head, with the intent to impair the integrity and availability of Minor Victim One's body and head for use in an official proceeding.

**In violation of 18 U.S.C. § 1512(c)(1).**

## COUNT NINE
**(Accessing with Intent to View Child Pornography)**

9. Between in or about May of 2025 and in or about January of 2026, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio, the defendant, **TYLER NIKE THOMAS**, did knowingly access with intent to view at least one matter that contained any visual depiction that had been mailed, shipped, or transported in interstate commerce, including by computer and the internet, and which was produced using materials that were

shipped or transported in interstate and foreign commerce by any means, including by computer and the internet, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct.

**In violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).**

## FORFEITURE ALLEGATION ONE

10. Upon conviction of one or more of the offenses set forth in Counts One, Two, and/or Four of this Indictment, the defendant, **TYLER NIKE THOMAS**, shall forfeit to the United States pursuant to 18 U.S.C. § 2428(a): (1) any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation(s); and (2) any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of such violation(s), including but not limited to, one Samsung Galaxy S25 Ultra cellular phone, IMEI: 356930600006983.

## FORFEITURE ALLEGATION TWO

11. Upon conviction of one or more of the offenses set forth in Counts Three, Five, Seven, and/or Nine of this Indictment, the defendant, **TYLER NIKE THOMAS**, shall forfeit to the United States pursuant to 18 U.S.C. § 2253(a): (1) any visual depiction described in Sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Title 18, United States Code, Chapter 110, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Chapter 110; (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense(s); and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense(s)

or any property traceable to such property including, but not limited to, the property listed in Forfeiture Allegation One.

**Forfeiture notice pursuant to 18 U.S.C. § 2428(a), 18 U.S.C. § 2253(a), and Rule 32.2 of the Federal Rules of Criminal Procedure.**

## NOTICE OF SPECIAL FINDINGS

12. The allegations of Counts Three, Five, and Six of this Indictment are realleged and incorporated by reference as though set forth fully herein.

13. As to Counts Three, Five, and Six of this Indictment, the Grand Jury makes the following special findings that the defendant, **TYLER NIKE THOMAS**:

a. was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

b. intentionally killed Minor Victim One (18 U.S.C. § 3591(a)(2)(A));

c. intentionally inflicted serious bodily injury that resulted in the death of Minor Victim One (18 U.S.C. § 3591(a)(2)(B));

d. intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Minor Victim One died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

e. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for

human life and Minor Victim One died as a direct result of the act (18 U.S.C. § 3591(A)(2)(D));

f. caused the death, or injury resulting in the death, of Minor Victim One during the commission of another crime, namely, Kidnapping, pursuant to 18 U.S.C. § 1201, and Offenses Under 18 U.S.C. §§ 2423(a) and (b) Resulting in Death, pursuant to 18 U.S.C. § 2245 (18 U.S.C. § 3592(c)(1));

g. committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to a person (18 U.S.C. § 3592(c)(6));

h. committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)); and

i. committed the offense against Minor Victim One, who was particularly vulnerable due to her age (18 U.S.C. § 3592(c)(11)).

A TRUE BILL.

***S/Foreperson***

______________________
FOREPERSON

DOMINICK S. GERACE II
UNITED STATES ATTORNEY

______________________
HEATHER A. HILL (0100920)
Assistant United States Attorney

______________________
EMILY K. CZERNIEJEWSKI (IL 6308829)
Assistant United States Attorney