**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**United States of America**

**Case No. 2:26-cr-145**

**v.**

**Judge Michael H. Watson**

**Tyler Nike Thomas**

# PROTECTIVE ORDER

Upon motion of the United States for a protective order pursuant to Fed. R. Crim. P. 16(d)(1) and 18 U.S.C. § 3509(d)(3), and without objection by Tyler Nike Thomas ("Defendant"), it is hereby **ORDERED** as follows:

1. **Scope of Order.** For purposes of this Order, all discovery materials provided by the Government to defense counsel of record in this matter, in whatever form (hereinafter, the "Discovery Materials") are presumptively governed by this Order, subject to amendment by further agreement of the parties or order of this Court.

2. **Defense Team.** The "Defense Team" is limited to: (1) the attorney(s) of record in this case (including any substitute or additional counsel who joins the defense team subsequent to the issuance of this order, or any post-conviction or appellate counsel); and (2) the attorneys, investigators, and support staff of the attorney(s) of record, who are assigned to and are assisting Defendant's attorney(s) of record in the investigation and preparation of the defense in this case. The Defense Team shall not include the Defendant

or the Defendant's family members, friends, or associates.

3. **Scope of Use and Disclosure.** Any and all Discovery Materials shall be used solely for the purpose of investigation and preparation of a legal defense in this case and shall not be shared by the Defendant or any member of the Defense Team to any public Internet site or network site, to any member of the media, or to any other third party unless such third party is providing or is likely to provide information directly related to the investigation or preparation of a legal defense in this case. This provision does not prevent the Defense Team from sharing Discovery Materials with the Defendant as necessary to the preparation of his defense, subject to the further restrictions below.

4. **Restrictions on Sensitive Information.** No member of the Defense Team may provide to the Defendant or any other person who is not a member of the Defense Team, any Discovery Materials, including original materials or copies thereof, that contain "Sensitive Information," which includes, but is not limited to, the following:

a) names, photographs or videos, telephone numbers, email addresses, online account usernames, or similar unique identifying information of any minor, victim, or other non-law enforcement witness;

b) message content and other private communications of any minor, victim, or non-law enforcement witness, including communications of such individuals directly with the Defendant;

c) medical or mental health records, other than those of the Defendant;

d) sources, locations, and methods law enforcement officials have used, and will continue to use, to investigate other criminal conduct.

This paragraph does not prohibit members of the Defense Team from showing Sensitive Information to and discussing Sensitive Information with the Defendant at meetings with the Defendant at the facility where he is being detained or in secure spaces within the offices of counsel of record, or from reading from or discussing these materials in telephone conversations with the Defendant. The Defense Team shall not leave any Discovery Materials containing Sensitive Information in the custody of the Defendant nor provide or leave in the custody of the Defendant any documents or materials created by the Defense Team that contain such Sensitive Information. If the Defendant views Sensitive Information, the Defense Team shall ensure he does not copy, photograph, take screenshots of, or otherwise reproduce the Sensitive Information.

5. **Exception to Disclosure Restriction.** Notwithstanding the preceding paragraph, a member of the Defense Team may disclose to a consultant or expert witness who is assisting with the preparation and litigation of a legal defense in this case those Discovery Materials containing Sensitive Information that are necessary to obtain the advice and guidance for which the consultant or expert witness is retained. Any disclosure of Sensitive Information pursuant to this paragraph is subject to the following provisions:

a. Any such consultant or expert witness may not retain any copies, whether digital, physical or otherwise, of the Sensitive Information after the conclusion either of this case or their engagement with the

Defense Team, absent further order of this Court;

b. Any Sensitive Information is to be provided to any such consultants or experts utilizing secure servers and networks, password-protected encrypted electronic drives, or similarly secure methods that prevent disclosure to unauthorized persons;

c. Any such consultant or expert witness who is provided access to the Sensitive Information in connection with the preparation and defense of this matter, shall keep such materials confidential and not further disseminate or disclose any such information, and shall be advised of the existence of and provided a copy of this Order;

d. Counsel for the Defendant shall maintain written documentation (i) of the provision of a copy of this Order to any such consultant or expert and (ii) of the affirmance by any such consultant or expert regarding his or her compliance with this Order.

6. **Disputes.** If the Defendant wishes to challenge the designation of any particular item of discovery as protected as described in paragraph 4 above, he may do so after giving the government 14 days to reconsider, after which the Defendant may move the Court to modify the designation of such item of discovery as protected. The Court will then determine whether, and to what extent, any such materials will continue to be protected by this Order.

7. **Limitations on Reproduction.** Subject to the limitations contained in this Order, the Defense Team may physically or electronically reproduce

Discovery Materials, including Sensitive Information as deemed necessary by defense counsel of record for use in connection with this case. The Defense Team shall not provide a copy, screenshot, or electronic reproduction of any Sensitive Information to the Defendant or any unauthorized person. Any reproductions of Discovery Materials authorized by defense counsel of record shall be treated in the same manner as the original Discovery Materials.

8. **Restrictions on Use of AI to Process Discovery Materials.** No person or entity authorized to have access to the Discovery Materials under the terms of this Order shall input, transmit, upload, process, generate output from, or otherwise expose any Discovery Materials received pursuant to this Protective Order to any artificial intelligence ("AI") tool without prior written notice to, and corresponding receipt of acknowledgement from, the government. "AI tool" means any automated system that uses statistical modeling, machine learning, or similar techniques to process inputs and generate outputs, recommendations, or predictions, including but not limited to large language models, generative AI services, or AI-assisted software tools, whether cloud-based or otherwise. When providing written notice for the otherwise prohibited use of an AI tool, defense counsel must specifically identify and describe any AI tool to be used and certify that it does not (i) retain or use any Discovery Materials for model training, nor (ii) expose any Discovery Materials to third parties not authorized under this Order to receive such materials. In addition, defense counsel must certify that: (i) defense counsel has implemented

reasonable measures to ensure that any AI tool used will maintain the confidentiality of any Discovery Materials, and (ii) defense counsel will ensure the deletion of all Discovery Materials from the tool at the conclusion of this case. Defense counsel will be responsible for destroying such information at that time. Under no circumstances will any member of the Defense Team submit Sensitive Materials to a publicly accessible AI tool or system that retains and uses submitted data to train models. Such AI tools pose unique risks to the security and integrity of Discovery Materials, given the practical inability to claw back or delete data once it has been incorporated into a model.

9. **Storage Requirements.** Discovery that contains Sensitive Materials must be maintained in the custody and control of the Defense Team. Defense counsel shall be responsible and accountable for maintaining, securing, and storing the discovery, including all reproductions thereof, and taking all necessary precautions to prevent unauthorized access.

10. **Information in Court Filings.** Any Discovery Materials falling within the following categories that any party must include with a document to be filed with the Court for the purposes of litigation shall be filed either under seal or in a redacted format[1]:

a) Any information for which redaction is required under Fed. R. Civ. P. 5.2;

b) Any personal identifying information, including social media account names, of an individual who is, or was at the time of the

[1] Exhibits derived from the Discovery Materials that are used at trial or pre-trial hearings do not have to be filed under seal, although they must still have the necessary redactions.

alleged offense conduct, under the age of eighteen, or any other victim or non-law enforcement witness; and

c) Any health information, including mental health or psychological information; and

d) Any information derived from the Discovery Materials that is included in legal briefs or memorandums that are filed with the Court must protect the identities of minors, victims, and non-law enforcement witnesses, by using initial(s) or pseudonym(s), or by filing under seal if disclosure of the individual(s)'s personal identifying information is necessary in the context of the legal brief or memorandum.

11. **Duty to Notify.** Counsel of record for the Defendant shall provide a copy of this order to the Defendant, all members of the Defense Team, and any persons with whom Discovery Materials are shared.

12. **Continuing Jurisdiction.** The provisions of this Order shall not terminate at the conclusion of this criminal prosecution, and the Court will retain jurisdiction to enforce this Order following termination of the case.

**IT IS SO ORDERED.**

Michael H. Watson

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**