**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**United States of America,**

**v.**

**Case No. 2:26-cr-145**

**Tyler Nike Thomas,**

**Judge Michael H. Watson**

**Defendant.**

## OPINION AND ORDER

Tyler Nike Thomas ("Defendant") moves to continue the trial date in this case indefinitely, Mot., ECF No. 30, and, at a November 10, 2026, status conference, he orally joined the Government's motion to declare this case complex.

The Speedy Trial Act requires that a defendant who pleads not guilty be tried within seventy days from the date of the filing of the indictment, the unsealing of the indictment, or the initial appearance, whichever is last. 18 U.S.C. § 3161(c)(1).

Nonetheless, 18 U.S.C. § 3161(h)(7)(A) states that any period of delay resulting from a continuance granted at the request of either Defendant or the Government is excludable from the speedy trial calculation if the continuance is granted on the basis of findings that the ends of justice served by taking the action outweigh the best interest of the public and Defendant in a speedy trial. The factors the Court shall consider in determining whether to grant a continuance include:

> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(B)(ii).

This case involves a nine-count indictment with the prospect of capital punishment upon conviction. Moreover, counsel for the Government and counsel for Defendant both orally represented that there is a massive amount of discovery involved. Due to the possibility of capital punishment being imposed in this case, Defense counsel must review the extensive discovery and prepare a mitigation package. Defense counsel anticipates receiving additional discovery by December 31, 2026, and completing his mitigation package by March 30, 2027.

Based on counsel's oral representations, the Court concludes that this case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the typical limits set by the Speedy Trial Act. Defendant requires sufficient time to properly conduct a mitigation investigation and prepare a mitigation presentation. Realistically speaking, one of the most important phases of this case for the capital defendants is the presentation of mitigation evidence to the U.S. Attorney and the ultimate determination of whether the Government will seek the death penalty. Failing to grant a continuance will severely hinder Defendant's efforts at investigating and

presenting his mitigation case. It would be a miscarriage of justice to hasten that phase of the trial and potentially receive an unwarranted decision by the Government to seek the death penalty.

Given the above considerations, the Court concludes that this case is complex, and the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial.

In conclusion, Defendant's motion is **GRANTED**. The Court declares this case to be complex and continues the trial until **September 1, 2027**. The Government is **ORDERED** to complete its desired discovery production by **December 31, 2026**. Defendant is **ORDERED** to submit his mitigation package to the Government by **March 31, 2027**. The Government is **ORDERED** to return its notice regarding intent to seek the death penalty by **July 31, 2027**. Any desired change to these deadlines shall be sought via written motion. Moreover, the Court will hold monthly status conferences in this case.

The Clerk shall terminate ECF No. 30 as a pending motion.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**